IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CAROLYN BETHEA,

    Plaintiff,

v.

                                            4:16cv335–WS/CAS

NANCY A. BERRYHILL, Acting
Commissioner, Social
Security Administration,

    Defendant.

_____


ORDER REMANDING CASE TO THE COMMISSIONER

Before the court is the magistrate judge's report and recommendation (doc. 11) docketed December 29, 2016. The magistrate judge recommends that the Commissioner's decision to deny Plaintiff's application for benefits be affirmed. Plaintiff has filed objections (doc. 12) to the report and recommendation. Upon review of the entire record, this court has determined that the Commissioner's decision denying Plaintiff's application for benefits must be reversed and the case remanded to the Commissioner for further proceedings.

The record establishes that Plaintiff had a multi-year history of back pain.

Her back trouble began soon after she started working as a distribution clerk with the United States Postal Service, a job she began in 2000 and that required her to lift heavy tubs of mail. She sought medical intervention for her back pain as early as 2002, when a CT scan of the back "demonstrated significant severe changes consistent with her symptoms of low back pain and pain in her buttocks and legs with an element of spinal stenosis." AR 402. Conservative treatment—physical therapy, injections, massage therapy, chiropractic treatment, and medicines—did not give her long-term relief. In 2006, her primary care doctor, Dr. Corpuz, began treating her for pain resulting from spinal stenosis. AR 840. In 2010, an MRI of Plaintiff's lumbar spine revealed degenerative disc disease at L2–3 and L3–4 and degenreative facet disease at L4–5 and L5–1. AR 581–83. Throughout 2012 and 2013, she was treated by doctors—including Dr. Sofi—at the Premier Medical Clinic ("Premier") for treatment of low back and hip pain, among other things. AR 591–604. On her multiple visits to Premier, Plaintiff was often seen by a nurse practitioner who noted that "[t]reatment concurred with Dr. Sofi." AR 593, 598, 602, 603.

On April 30, 2013, Plaintiff retired from the Postal Service because she felt she could no longer do the job due to debilitating pain. On July 7, 2013, she filed an application for a period of disability and disability insurance benefits ("DIB"),

alleging disability beginning on April 30, 2013. After a hearing, an administrative law judge ("ALJ") denied Plaintiff's application for DIB, concluding that Plaintiff was not disabled from April 30, 2013, through the date of her decision, November 24, 2015. On April 12, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.

In concluding that Plaintiff was not disabled, the ALJ gave only partial weight to the opinion of Plaintiff's long-term treating physician, Dr. Corpuz. Dr. Corpuz began treating Plaintiff in 2006 and, on January 7, 2014, noted as follows:

> I have been following Ms. Bethea since 09/29/2006 for generalized degenerative joint disease and spinal stenosis among other things. Her symptoms include pain affecting her feet, hips, shoulders, and low back. She has progressively gotten worse such that she had to retire from post office work on 04/30/2013. Because of her impairment noted above, it is medically necessary for Ms. Bethea to rest, recline, or lie down several times a day.

AR 840.[1]

The ALJ also gave only partial weight to the opinion of Dr. Sofi, who the ALJ mistakenly said "does not have a treating relationship with the claimant." AR 79. In fact, as previously noted, Plaintiff began a multi-year *treating* relationship with Dr. Sofi's clinic—Premier Medical Clinic—starting as early as January 2012.

---

[1] At the hearing before the ALJ, a vocational expert opined that if a claimant were required to rest, recline, or lie down several times a day for 10 to 15 minutes at unpredictable times, she would be unemployable.

AR 1, 591–02, 878–83, 911–21, 943–47. On September 24, 2013, Dr. Sofi opined as follows:

> Patient is here for disability physical. Patient is not able to work anymore because of her worsening back pain which radiates down into the legs. Patient had trouble with her back for a long period of time, but it has gotten worse to an extent where she is not able to work. The pain gets worse on standing for a long period of time, on lifting anything or bending. Patient is having trouble with pain at other joints. She gets swelling of the legs off and on.

AR 786.

The ALJ gave great weight to the opinion of a state agency non-examining consultant—Dr. Baltazar, M.D.—because Dr. Baltazar has "extensive program knowledge related to disability." AR 79. Having never seen Plaintiff, Dr. Baltazar opined on January 8, 2014, nearly two years before the ALJ issued her decision on November 24, 2015, that Plaintiff was "not disabled." AR 152.

Plaintiff continued to seek medical intervention for back pain throughout the time her application for benefits was being considered by the ALJ. On February 8, 2016, little more than two months after the ALJ's November 24, 2015, decision, Plaintiff was seen at the Laser Spine Institute (the "Institute") in Tampa, Florida, for low-back, mid-back, wrap-around, leg, and foot pain. At that time, Plaintiff denied any recent trauma or injury. Doctors at the Institute reviewed Plaintiff's medical reports—including a June 2014 MRI/CT report and X-rays dated February

8, 2016—and concluded that Plaintiff was a possible surgical candidate. An updated lumbar MRI as well as additional X-rays were ordered to verify Plaintiff's current condition. AR 27–30.

A lumbar MRI dated March 7, 2016, and X-rays dated that same day, confirmed that Plaintiff suffered from scoliosis, L5 spondylolysis, and "multilevel degenerative disc disease most pronounced at L2–L3 and L3–L4." AR 47–48. At the Institute on March 8, 2016, Plaintiff met with Dr. Glenn Fuoco, D.O., who advised her about the March 7 test results and discussed options and expected outcomes. Plaintiff opted for surgery, which was performed on April 1, 2016. AR 36–56. At a post-operative appointment on April 15, 2016, Plaintiff reported that she had no back or neck pain and was feeling "wonderful." AR 1.

Although records of Plaintiff's treatment at the Institute post-dated the ALJ's consideration of Plaintiff's case, those records were submitted to the Appeals Council for its consideration. As to those records, the Appeals Council concluded: "This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 24, 2015." AR 15.

A social security claimant is permitted to present new evidence at each state of the administrative process, including before the Appeals Council. *Ingram v.*

*Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). In fact, the Appeals Council "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Id.* The new evidence is "material" if "there is a reasonable possibility that [it] would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). The new evidence is "chronologically relevant" if "it relates to the period on or before the date of the [ALJ] hearing decision." *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016). Whether evidence meets the new, material, and chronologically relevant standard is a question of law subject to de novo review. *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1321 (11th Cir. 2015). When the Appeals Council fails to consider evidence that is new, material, and chronologically relevant, it commits legal error and remand is appropriate. *Id.*

The Appeal Council in this case determined that Plaintiff's "new information" was about a "later time"—i.e., it was not chronologically relevant—and so would not affect the decision about whether Plaintiff was disabled during the relevant period. The Eleventh Circuit, however, has recognized "that medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant." *Id.* at 1322; *see also Wilson v. Colvin*, No. 4:15cv641–TMP, 2016 WL 4447442, at *7 (N.D. Ala. Aug. 24, 2016) ("Newly

submitted information, even information from a later date, can be chronologically relevant if it helps shed light on the claimant's condition as it existed during the relevant time period."). Here, the Institute's evaluation of Plaintiff in early 2016—and its conclusion that Plaintiff's condition was not the result of recent trauma and/or injury—"shed light" on a condition that long pre-dated the Institute's involvement, lending credence both to Plaintiff's complaints of debilitating pain during the relevant period and to her treating physician's opinions—those of both Dr. Corpuz and Dr. Sofi—about her inability to work during the relevant period. Because this court finds that the Appeals Council erred in rejecting Plaintiff's new evidence because it was not chronologically relevant, the matter will be remanded to the Commissioner for further consideration. Although concluding that remand is warranted, this court expresses no opinion as to the ultimate disability issue.[2]

Accordingly, it is ORDERED:

1. The Commissioner's decision is REVERSED and REMANDED for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The clerk shall enter judgment stating: "The Commissioner's decision is

---

[2] The court has not addressed all of the issues raised by Plaintiff in her objections to the magistrate judge's report and recommendation. The court expects that the Commissioner will consider Plaintiff's arguments as to those issues on remand.

REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g)."

DONE AND ORDERED this   21st   day of    March   , 2017.


s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE