# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CAROLYN BETHEA,

    Plaintiff,

vs.                               CASE NO. 4:16cv335-WS/CAS

NANCY A. BERRYHILL,
**Acting Commissioner of Social Security,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

As the prevailing party in this case, ECF Nos. 13-14, Plaintiff filed an amended motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] ECF No. 17. Plaintiff's attorney has a contingent fee contract with Plaintiff. ECF No. 17 at 3.

---

[1] In Shalala v. Schaefer, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney's fees and expenses under the EAJA.

Case No. 4:16cv335-WS/CAS

Plaintiff's attorney requests a fee of $11,021.82.  ECF Nos. 17 at 2 and 17-1 at 3.

On April 20, 2017, the Acting Commissioner filed a response opposing the amended motion on timeliness grounds (amended motion prematurely filed) and on the merits, suggesting that the decision was substantially justified and that no more than 30 hours should be awarded in the event the merits are reached.[2]  ECF No. 19.

Plaintiff's attorney represents that he and another attorney spent 7.15 and 49.70 hours (56.85 hours), respectively, representing Plaintiff in this Court.  ECF Nos. 17 at 2, 17-3 at 1, 4-5, 17-4 at 1-3.  Timesheets reflect the hours spent and the "event description."  ECF Nos. 17-1 at 3 and 17-3 at 4-5.  According to Plaintiff's attorney, the fee requested in the amended motion does not exceed the effective hourly rate of $125.00 (adjusted for inflation) for attorney time.  ECF Nos. 17-1 at 3 and 17-3 at 4-5.

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete.  *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010

---

[2] The Court finds that the decision rendered by the Acting Commissioner was not substantially justified.

Case No. 4:16cv335-WS/CAS

U.S. Dist. LEXIS 57613, at *5 (N.D. Fla. May 11, 2010), *adopted*, 2010 U.S. Dist. LEXIS 51612 (N.D. Fla. June 10, 2010); *see also* Seamon v. Astrue, No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, at *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).

The total recorded time for which compensation is sought is 56.85 hours[3] of which approximately 19.00 hours were spent filing objections and a brief time spent preparing and filing the motion for attorney's fees. ECF No. 17-3 at 4-5. Approximately 34 hours were actually spent preparing the brief/memorandum on the merits of the case before this court. ECF No. 17-3 at 4. (Approximately 2.5 hours were spent on pre-brief/memorandum work. *Id.*)

The undersigned has read the record in this case, including the memoranda of law and the objections. The effective hourly rate for the attorney time is reasonable. *See supra* at n.3. The time recorded for preparing and filing Plaintiff's brief/memorandum is at the high side, but also reasonable. The time recorded for preparing and filing the objections is also reasonable, although also on the high side.

---

[3] The hourly rate is $193.88, which is on the high side, but not clearly excessive when adjusted for inflation. *See* ECF No. 17-1 at 3.

In accordance with <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney. Since the fee was assigned to Plaintiff's attorney, payment of the fee to Plaintiff's attorney authorized so long as Plaintiff has no debt to the United States, and any such debt will be offset before payment.

Accordingly, it is **RECOMENDED** that Plaintiff's amended motion for attorney's fees, ECF No. 17, be **GRANTED** and Plaintiff awarded attorney's fees in the amount of $11,021.82 as a reasonable EAJA attorney's fee. However, the Commissioner should be afforded the opportunity to offset from this amount any debt owed by the Plaintiff to the United States that may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with <u>Astrue v. Ratliff</u>.

**IN CHAMBERS** at Tallahassee, Florida, on May 23, 2017.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy**

thereof.   Fed. R. Civ. P. 72(b)(2).   **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**   **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv335-WS/CAS