UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROLYN BETHEA,

       Plaintiff,

v.                                          4:16cv335–WS/CAS

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 20) docketed May 23, 2017. The magistrate judge recommends that Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act be granted. The Commissioner has filed objections (doc. 21) to the report and recommendation, arguing that Plaintiff seeks compensation for an unreasonable number of hours of work.

The Commissioner cites a case from this district, *Jackson v. Astrue*, No. 3:09cv218–MCR/MD, 2010 WL 2330269, at *2 (N.D. Fla. June 10, 2010), *report*

*and recommendation adopted*, No. 3:09cv218–MCR/MD, 2010 WL 2330246

(N.D. Fla. June 10, 2010), wherein the magistrate judge stated that "[t]he usual

time spent handling these cases, beginning to end, is twenty-five to thirty hours."

In *Jackson*, the administrative record was 457 pages; the plaintiff's memorandum

in support of his complaint was twenty-six (26) pages; in response, the

Commissioner filed a motion to remand; the magistrate judge recommended that

the Commissioner's motion to remand be granted; and the plaintiff filed no

objections to the report and recommendation. Although the plaintiff requested fees

for 42.6 hours, fees were awarded for 32.7 hours of attorney time spent

representing the plaintiff in court-related proceedings.

In this case, Plaintiff seeks compensation for 56.85 hours spent by two

attorneys representing Plaintiff in this court. The record suggests that this case was

considerably more complicated and required more attorney time than *Jackson*. The

administrative record was 1034 pages, more than double that in *Jackson.* In a

report and recommendation of forty-four (44) pages, the magistrate judge

recommended that the Commissioner's denial of benefits be affirmed. Here, unlike

in *Jackson*, Plaintiff filed twenty-nine (29) pages of objections to the magistrate

judge's adverse report and recommendation. Plaintiff's objections resulted in this

judge's rejection of the report and recommendation and remand of the case to the

Commissioner. The magistrate judge, who painstakingly reviewed the lengthy record in this case in preparing his report and recommendation, concluded that 56.85 hours was not an unreasonable amount of attorney time spent on the case. In rejecting the magistrate judge's report and recommendation, this judge conducted a de novo review of the lengthy record in the case and now likewise concludes that counsel spent a reasonable amount of hours on this case.

In reaching this conclusion, the court recognizes that each case is examined on its own merits. While, in *Jackson*, a magistrate judge opined that twenty-five to thirty hours was the "usual time spent" on EAJA cases, other courts have reached differing estimates regarding a "typical" range of hours. *See Lavoie v. Colvin*, No. 14cv1352–JWL, 2016 WL 4181323, at *3 (D. Kan. Aug.8, 2016) ("[A] typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty hours."); *Marshall v. Astrue*, No. 7:09cv33 (HL), 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours."); *Schulten v. Astrue*, 08cv1181, 2010 WL 2135474, *6 (N.D. Ill. May 28, 2010) ("The requested number of hours—48.75—is within the permissible range for cases like this, which is, generally speaking, 40 to 60 hours."); *Burleson v. Astrue*, No. C07–2019–RSL, 2009 WL 364115, at *3 (W.D. Wash. Feb. 9, 2009) ("There

is no hard-and-fast cap on attorney fee awards at 40 hours that should be applied regardless of the circumstances."); *Nickola v. Barnhart*, No. 03cv622–C, 2004 WL 2713075, at *2 (W.D. Wis. Nov. 24, 2004) ("[T]he roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive."); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n. 2 (C.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours). Here, whether or not the case falls within whatever may be defined as a "typical" range of EAJA cases, the court finds that the hours expended by counsel were not unreasonable given the size of the administrative record, the multiple issues involved, and the history of the case.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 20) is ADOPTED and incorporated into this order.

2. Plaintiff's application for attorney's fees (doc. 17) is GRANTED.

2. Plaintiff Carolyn Bethea is awarded attorney's fees under EAJA in the amount of $11,021.82.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment shall be made payable to Carolyn Bethea and delivered to Bethea's counsel, subject to offset by any debt owed by Bethea to the United States that may be identified by

the Department of the Treasury. If the United States Department of the Treasury determines that Bethea does not owe a federal debt, the government may accept Bethea's assignment of EAJA fees and pay fees directly to Bethea's counsel.

DONE AND ORDERED this ___19th___ day of ____June___, 2017.




s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE